Cite as 2025 Ark. App. 299

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-465

| | |
|---|---|
| ORLANDO LEWIS DOSIA<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered May 14, 2025<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-23-10]<br><br>HONORABLE BLAKE BATSON, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

Orlando Lewis Dosia appeals his conviction of trafficking a controlled substance and possession of cocaine with the purpose to deliver, arguing that the circuit court erroneously denied his motion to suppress. We affirm.

I. *Relevant Facts*

On November 27, 2023, Dosia was charged as a habitual offender by a second amended criminal information with trafficking a controlled substance and possession of methamphetamine or cocaine with purpose to deliver. In a supplemental motion to suppress filed October 4, Dosia argued that on January 20, officers illegally entered his residence and located and seized contraband. He asserted that the entry into his home and subsequent seizure violated the Arkansas Rules of Criminal Procedure, and "because the violation was substantial, the evidence obtained by the government should be suppressed."

At a pretrial hearing on the motion to suppress, the circuit court heard testimony that due to his status as a parolee, Dosia had signed two waivers for warrantless search, and those waivers were admitted into evidence. Drug Task Force 6 had been informed that drug distribution was taking place at Dosia's home. After reviewing the waiver, officers went to Dosia's home address listed in his parole file at 1318 O'Connell Street. When they arrived, police officers and agents from Drug Task Force 6 found Dosia and his girlfriend sitting in his car in front of the home. Dosia was informed that law enforcement was there to conduct a search of his home, and Dosia unlocked the front door and allowed officers inside. Inside, the officers found marijuana, cocaine, methamphetamine, K2, digital scales, baggies, a hot plate, spray bottles, and chemicals related to K2 production. Dosia argued that "it was the lack of the reasonable nature in which the search was—was taken place and how it was executed based upon the search waiver that was purportedly utilized to effectuate the search in the first place." The State responded that Dosia had a search waiver on file and that the search was executed pursuant to that waiver. The motion to suppress was denied.

After a trial on March 26 and 27, the jury returned guilty verdicts on both charges, and Dosia was sentenced to an aggregate of ninety-five years' incarceration in the Arkansas Division of Correction. Dosia timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

On appeal, Dosia argues that the circuit court erred by denying his motion to suppress. Specifically, he asserts that the search-waiver statute requires that law enforcement officers request the parolee's permission before conducting the search, allowing the parolee

to deny the search (risking revocation of his parole). Dosia contends that there was no evidence that officers requested to conduct the search, which is a clear violation of the statute; thus, the officers entered the home illegally, and the motion to suppress should have been granted.

Dosia did not propound this argument to the circuit court. In his motion to suppress, Dosia argued that the officers entered the home illegally, asserting only that the entry was "in violation of the Arkansas Rules of Criminal Procedure." At the hearing, he argued that the search was conducted in an unreasonable manner. Because he asserts this argument for the first time on appeal and consequently failed to obtain a ruling on it, it is not preserved for this court's review. *Atherton v. State*, 2022 Ark. App. 382, at 5, 653 S.W.3d 391, 394; *Cagle v. State*, 2019 Ark. App. 69, at 7, 571 S.W.3d 47, 52 (failure to obtain a ruling on an issue at the circuit court level precludes review on appeal). Accordingly, we affirm.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.